GeebN, J.
delivered the opinion of the court.
This is a suit commenced before a justice of the peace, on an account for work and labor done for the wife of the defendant, before their marriage. It was proved on the trial by the plaintiff, that about five years before that time, he had performed work in the construction of a house, which was inhabited, as soon as finished, by Mrs. Hudson, then a widow and now the wife of the defendant, and that she and family have continued to reside there ever since. Mrs. Hudson came several times and conversed with the plaintiff while the work was in progress. The work was worth forty dollars.
The defendant proved that Mrs. Hudson, while a widow, was very poor, and received charity from several of the neighbors; and that the plaintiff had been heard to say, several times, that he had done as much for Mrs. Hudson as any of her friends, that he had built the house in which she lived.
The court charged the jury, that this was an action of debt, brought before a justice of the peace; that if there was an express contract for the performance of the work it would require six years from the completion thereof, to bar plaintiff’s suit; but if the jury found there was but an implied contract, three years would be a bar to the action. The court also charged, that if the jury found that the plaintiff intended his work as a donation, *611 and tbat it was received as such, he could not recover in this suit.
The jury found for the defendant, and the plaintiff excepted and appealed to this court.
His Honor, the Circuit Judge, erred in telling the jury that if they found there was only an implied contract, three years would bar the action. We have always held that the statute of limitations applies to cases before justices of the peace, as it would to an action in a court pf record, upon a like cause. In this case, an action of debt would lie, on this account for work and labor, if the sum claimed had been sufficient to have given the Circuit Court jurisdiction; and, whether the proof showed the sum claimed to be due by an express or implied contract, could make no difference as to the right to maintain the action of debt; and, of course, to the application of the statute of limitations in this case.
Upon the second point, that if the work was originally done as a donation to the defendant’s wife, the plaintiff could not now make it a debt, and recover, his Honor charged correctly.
Reverse the judgment and remand the cause.